803 F.2d 713
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Adams, Appellant
v.
R. L. Hamilton; Attorney General of NC, Appellees.
 No. 85-6723.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1986.
Decided Oct. 3, 1986.
 
 Butzner, Senior Circuit Judge, concurring.
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. F. T. Dupree, Jr., District Judge. (C/A No. 85-595-HC)
 (David Adams, Appellant Pro Se. Richard N. League, Special Deputy Attorney General, for Appellees.)
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 A review of the record and the district court's opinion discloses that an appeal from its order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 would be without merit. Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal on the reasoning of the district court. Adams v. Hamilton, C/A No. 85-595-HC (E.D.N.C., Oct. 17, 1985).*
 
 DISMISSED
 BUTZNER, Senior Circuit Judge, concurring:
 
 2
 Although I concur in the court's dismissal of this appeal, I write separately because the state's answer and motion to dismiss filed in the district court and the court's opinion do not clearly disclose whether the court followed the procedure explained in Strickland v. Washington, 466 U.S. at 668 (1984), for determining the issue of ineffectiveness of counsel.
 
 
 3
 David Adams, a North Carolina inmate, seeks to appeal the district court's refusal to grant habeas corpus relief with respect to Adams's 1982 conviction, pursuant to his plea of guilty, of three counts of armed robbery. Among other contentions, Adams claimed that he was denied the effective assistance of counsel in that counsel failed to confer with him, led him to believe that he would receive concurrent sentences, failed to investigate his background to show that he had no prior convictions, and failed to speak up in his behalf at the sentencing hearing. The district court denied relief on Adams's ineffective assistance claim. It appears to me that its decision may rest on the state postconviction court's finding that counsel was not ineffective and that this finding was entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d).*
 
 
 4
 A "state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. Sec. 2254(d)." Strickland, 466 U.S. at 698 (1983). Rather, both the performance and prejudice inquiries of the ineffectiveness standard established by Strickland involve mixed questions of law and fact, and the "principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial." 466 U.S. at 697.
 
 
 5
 I find it unnecessary, however, to suggest remanding this case for the district court to make its own legal determination on counsel's ineffectiveness, as my independent review of the state court records, including transcripts of the plea and sentencing proceeding and the postconviction hearing, satisfies me that Adams was not denied the effective assistance of counsel under the standards articulated in Strickland.
 
 
 6
 Prior to entering his plea, Adams stated under oath that he had fully discussed his case with counsel and that no threats, promises or bargains had been made to induce the plea. Moreover, counsel did argue in Adams's behalf at sentencing and was fully informed of and fairly presented the status of Adams's criminal record. These historical facts found by the state court "are subject to the deference requirement of Sec. 2254(d)." 466 U.S. at 698. As the record supports neither a conclusion that counsel's performance was deficient nor a conclusion that Adams was prejudiced by any alleged deficiency, I find no merit in his claim of ineffective assistance. See Strickland, 466 U.S. at 687.
 
 
 
 *
 Judge Butzner writes separately because of his under-standable concern that the district court's analysis of the facts be in accord with Strickland v. Washington, 466 U.S. 668 (1984). He fears that the district court relied on the state trial court's finding that Adams received effective assistance of counsel, rather than making an independent determination of that fact. We appreciate Judge Butzner's concern, but in our view, the district court complied with those standards. It is true that the district judge accepted subsidiary factual findings made by the state trial court in an evidentiary hearing leading to its conclusion of effective assistance. Strickland notes, however, that "state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of [28 U.S.C.] Sec. 2254(d)." 466 U.S. at 698. We agree with Judge Butzner that had the district court relied on the state court's conclusion it would have been in error. The district court's opinion is open to interpretation, but we believe he rested his decision on the subsidiary facts rather than the state court's conclusion
 
 
 *
 In its opinion the district court worte:
 Petitioner's final claim is that he received ineffective assistance of counsel because his attorney never conferred with him, led him to believe that he would receive concurrent sentences, failed to investigate petitioner's background to show that he had no prior convictions, and failed to speak up at the sentencing hearing on petitioner's behalf. However, each of these contentions was raised in petitioner's motion for appropriate relief and was addressed in the evidentiary hearing before Superior Court Judge Napoleon Barefoot. In his order denying petitioner's motion, Judge Barefoot found that petitioner's counsel did not render ineffective assistance in any of these respects. Findings of fact in a state court proceeding are presumed valid unless a petitioner can show (1) that the merits of the factual dispute were not resolved in the state court hearing; (2) that the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing; (3) that the material facts were not adequately developed at the state court hearing; (4) that the state court lacked jurisdiction over the subject matter or over the person of the petitioner in the state court proceeding; (5) that the petitioner was an indigent and the state court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the state court proceeding; (6) that the petitioner did not receive a full, fair and adequate hearing in the state court proceeding; (7) that the petitioner was otherwise denied due process in the state court proceeding; or (8) that the state court's factual determinations are not fairly supported by the record. 28 U.S.C. Sec. 2254(d); Townsend v. Sain, 372 U.S. 293 (1963). Upon review of the transcript of the evidentiary hearing, the court finds that none of these exceptions occurred in petitioner's case. Therefore, Judge Barefoot's factual findings must be presumed to be correct, and the court accordingly concludes that petitioner did not receive ineffective assistance of counsel. [Emphasis added].